IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SAUER CONSTRUCTION, LLC, f/k/a ) <br> SAUER INCORPORATED ) <br>     Plaintiff/Counterdefendant, ) <br> ) <br> v. ) <br> ) <br> QBE INSURANCE CORPORATION, ) <br>     Defendant, and ) <br> ) <br> MC3 SOLUTIONS, LLC, ) <br>     Defendant/Counterclaimant/ ) <br>     Third-Party Plaintiff ) <br> ) <br> v. ) <br> ) <br> BONITZ, INC., ) <br>     Third-Party Defendant. ) | Civil Action No. 7:23-cv-00193 <br><br> By: Elizabeth K. Dillon <br>     United States District Judge |

**MEMORANDUM OPINION**

The claims in this case arise from contracts related to the construction of a production office lab at the Radford Army Ammunition Plant (the Project). Plaintiff Sauer Construction, LLC (Sauer) contracted with BAE Systems Ordnance Systems, Inc. to complete the Project and served as its general contractor. Sauer then sub-contracted with MC3 Solutions Inc. (MC3) to perform some of the work on the Project. MC3, in turn, contracted with third-party defendant Bonitz, Inc. (Bonitz) to install resinous epoxy flooring.

Currently pending before the court is a motion to dismiss filed by Bonitz (Dkt. No. 33), which MC3 opposes.[1] The motion is fully briefed and was argued at a November 17, 2022 hearing. For the reasons set forth herein, the court will grant the motion to dismiss and will dismiss the third-party complaint without prejudice.

---

[1] Sauer has taken no position on the motion.

I.  BACKGROUND

Sauer entered into a subcontract with MC3 to complete work for "Framing" for the Project.  (Am. Compl. ¶ 11, Dkt. No. 7; *see also* Dkt. No. 1-1 (copy of the Sauer-MC3 Subcontract).)  The scope of work for that subcontract included pages of detailed tasks MC3 was to perform.  The tasks fell into the following general categories, for which MC3 was to "furnish and install all . . . work":  framing, drywall/gypsum board, paint/special coatings, resilient flooring/ceramic tile, resinous epoxy floor, acoustical ceilings, and millwork.  (Sauer-MC3 Subcontract, Dkt. No. 1-1, at 20–25.)

Sauer's amended complaint contains three claims: a breach of contract claim and claim for indemnity against MC3 (Counts 1 and II, respectively) and a claim for a breach of the performance bond against defendant QBE Insurance Corp., the surety.

Sauer's amended complaint against MC3 contains no details as to what portions of the scope of work MC3 did not properly perform or timely complete.  Instead, it alleges primarily general statements about MC3 not complying with the contract.  For example, Sauer alleges that "numerous issues arose with regard to MC3's work and performance."  (Am. Compl. ¶ 17.)  The issues "included, but are not limited to: MC3's failure to supply sufficient skilled workmen and materials; failure to properly perform work with promptness and diligence; submission of inadequate submittals; and resultant delays to the critical path."  (*Id.*; *see also id.* ¶ 25.)  The complaint alleges that MC3's breaches caused delays and damages to Sauer, and it seeks nearly $ 1 million in damages in addition to reasonable attorney's fees.  (*Id.* ¶ 28.)

MC3 has filed a counterclaim against Sauer (Dkt. No. 19), which is not at issue here.  The sole claim that remains in the counterclaim is a breach of contract claim.  (*Id.* at 7–8); *see also* Dkt. No. 28 (voluntarily dismissing without prejudice MC3's alternative claims for *quantum*

*meruit* and unjust enrichment, after both parties had pled the existence of an enforceable subcontract between them).

At issue in the pending motion to dismiss is MC3's third-party complaint brought against Bonitz. (Dkt. No. 18.) The third-party complaint contains three causes of action. The first is a claim for "equitable indemnity." (Third-Party Compl. ¶¶ 9–11.) In it, MC3 alleges that if any party recovers judgment against MC3, then it is entitled "in the like amount or in proportion to fault, for equitable indemnity against Bonitz." (*Id.* ¶ 10.) The second cause of action is a breach of contract claim, based on paragraph 10 of the MC3-Bonitz subcontract, an indemnification provision. (*Id.* ¶¶ 12–16.) The third cause of action is a claim for "contribution and apportionment." (*Id.* ¶¶ 17–18.)

## II. DISCUSSION

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[2] Here, Bonitz does not challenge the third-party complaint as factually insufficient. Instead, its challenges are ones to the viability of the complaint and legal bases for its claims.

### B. The Third-Party Complaint Is Not Derivative of Sauer's Complaint

In its motion to dismiss, Bonitz moves to dismiss the third-party complaint on three grounds. Because the court will rule in Bonitz's favor as to the first, it is unnecessary to address the others. Its first argument is that the third-party complaint is not derivative of the amended

---

[2] Unless otherwise noted, the court omits internal citations, alterations, and quotation marks throughout this opinion. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

complaint and thus is not properly part of this case, pursuant to Federal Rule of Civil Procedure 14.

Rule 14 provides, in relevant part, that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A third-party claim "can be maintained only if the asserted liability is in some way derivative of the main claim." *E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc.*, 688 F. Supp. 2d 443, 462 (E.D. Va. 2009).

The general principles governing the propriety of a third-party complaint were discussed at length in *E.I. DuPont*:

> Hence, "[u]nder Rule 14(a), a third-party defendant may not be impleaded merely because he may be liable to the plaintiff," *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 368 n. 3 (1978), and "[i]t is not sufficient that the third-party claim is a related claim." *Scott* [*v. PPG Indus.*, 920 F.2d 927, 1990 WL 200655 at *3 (4th Cir. 1990)] (citations omitted). As the court in *Watergate* [*v. Landmark Condominium Unit Owners Ass'n v. Wiss, Janey, Elstner Assoc.*, 117 F.R.D. 576 (E.D. Va. 1987),] explained:
>
>> [A] third party claim is not appropriate where the defendant and putative third party plaintiff says, in effect, "It was him, not me." Such a claim is viable only where a proposed third party plaintiff says, in effect, "If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part . . . of anything I must pay plaintiff."
>
> 117 F.R.D. at 578.
>
> Consistent with those precepts, it is well-settled that "[a] breach of contract claim may form the basis for impleader of a third-party defendant, so long as it is sufficiently derivative of or dependent upon the main claim." *International Paving Sys. v. Van–Tulco, Inc.,* 866 F. Supp. 682, 687 (E.D.N.Y. 1994). In this case, however, "[t]he

4

> breach of contract claim asserted by the third-party plaintiffs [ ] fails to constitute a derivative cause of action because separate and independent contracts serve as the basis for the claims." *See Blais Constr. Co. v. Hanover Square Associates–I,* 733 F. Supp. 149, 157 (N.D.N.Y. 1990).

*E.I. DuPont*, 688 F. Supp. 2d at 462–63.

Bonitz insists that its liability is not derivative of MC3's because the Sauer complaint nowhere references Bonitz or flooring (or related terms) and is much broader in assigning blame to MC3. In response, MC3 first points to the "scope of work" contained in the Sauer-MC3 contract as including flooring. But the "scope of work" also includes numerous other categories, as noted above.

MC3 is correct in noting that Sauer and Bonitz were not in privity of contract and thus that it was not necessary for Sauer to have mentioned Bonitz by name for impleader to be appropriate. But there must be some basis—in Sauer's complaint against MC3—for the court to conclude that Sauer is suing MC3 for improperly performing (or failing to perform in a timely fashion), the work MC3 hired Bonitz to perform. And there is nothing in the complaint that could support that conclusion.

MC3 counters that the court must accept the allegations of the third-party complaint as true, and its third-party complaint contends that Sauer is suing MC3 for damages related to the scope of work subcontracted to Bonitz. (*See, e.g.*, Opp'n 5 (citing Third-Party Compl. ¶¶ 4, 7).) MC3 also points out that, as its third-party complaint is currently drafted, if Sauer loses its claims against MC3, MC3 has no claims against Bonitz. (*Id.* (citing Third-Party Compl. ¶¶ 4, 10, 11, 15, and 18).) Based on this, MC3 argues that if it is liable to Sauer, then Bonitz is responsible and derivatively liable.

The problem with MC3's argument is that it cannot—by virtue of its own characterization of Sauer's amended complaint—change what that complaint says. MC3 may well be right, as a factual matter, that Sauer primarily or solely is suing MC3 for a failure to adequately or timely perform the tasks that MC3 sub-contracted to Bonitz.[3] But Sauer's amended complaint itself does not say that. It is more vague and appears to be far more broad than that. (*See generally* Dkt. No. 7.) And as MC3's counsel recognized at the hearing, the court must look to both Sauer's complaint and the third-party complaint in determining whether the latter is derivative of the former.

The court's conclusion that the third-party complaint is not derivative is further supported by some of the cases cited by Bonitz, in which courts (including this one) have dismissed third-party complaints in similar circumstances. For example, in *Allstate Co. v. Structures Design/Build, LLC*, Civil Action No. 7:15-CV-00354, 2016 WL 1071040 (W.D. Va. Mar. 17, 2016), the plaintiff in the primary complaint sued a general contractor and its plumbing subcontractor/installer. The plaintiff alleged that the general contractor negligently designed the hot water system and improperly instructed the plumbing subcontractor as to the proper installation of a connector in the system. The plaintiff also alleged that the installer failed to properly install the system. In the third-party complaint, the plumbing installer filed a third-party complaint against the supplier of the connector, alleging that the connector was defective. The third-party plaintiff alleged that it was the defects in the connector that had proximately caused the damages. *Id.* at *1–2. The court granted a motion to dismiss the third-party complaint,

---

[3] As Bonitz's counsel acknowledged at the hearing, if Sauer were to amend its complaint to make the precise bases for its claims clear, or if discovery were to disclose that Sauer is suing MC3 for failure to complete (or timely complete) the precise tasks MC3 subcontracted to Bonitz, then a third-party complaint against Bonitz might be appropriately derivative. At this stage, though, and based on Sauer's drafting of its own complaint, the court cannot find that impleader is proper.

noting that the primary complaint did not allege that the connector itself was defective and that the third-party complaint was simply a "variant of the 'it's him, not me' argument." *Id.* at *7.

Likewise, in *Watergate Landmark Condominium Unit Owners Association*, the court dismissed a third-party complaint as not derivative. 117 F.R.D. at 577. There, the primary complaint sued an engineering firm and a property management company over balcony repairs, alleging that the engineering firm had provided defective specifications and the management company was negligent for hiring the engineering firm and for failing to pass on to the plaintiff noteworthy information about limitations to the specifications. *Id.* The third-party complaint sued the company that had performed the repairs for doing so negligently. *Id.* Because negligent repairs were not the basis for the claims in the primary complaint, the court found the third-party complaint "manifestly inappropriate." *Id.*

The situation here is analogous to both of those cases. Sauer has alleged various breaches of the Sauer-MC3 subcontract by MC3, but nowhere does it explicitly fault MC3 for a failure to timely or improperly install resinous epoxy flooring. MC3's claim that Bonitz should be derivatively liable for its failures is not "derivative" where the underlying allegations do not seek damages resulting from any failure related to the installation of resinous epoxy flooring. Even if Bonitz breached its contract and is liable to MC3, that does not mean its failures are derivative of the Sauer complaint, which does not explicitly identify any failures related to the flooring as one of the reasons Sauer is suing MC3.

Because MC3's third-party complaint against Bonitz is not derivative of Sauer's complaint, it must be dismissed.

## III.  CONCLUSION

For the foregoing reasons, the court will grant the motion to the dismiss the third-party complaint and will dismiss that complaint without prejudice.  An appropriate order shall be entered.

Entered: November 30, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge