IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
January 23, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Erica Jones
DEPUTY CLERK

SAUER CONSTRUCTION, LLC, f/k/a )
   SAUER INCORPORATED, *et al.*, )
                                    ) Civil Action No. 7:23-cv-00193
       v.                          )
                                    ) By: Elizabeth K. Dillon
MC3 SOLUTIONS, LLC, *et al.*    ) Chief United States District Judge

## MEMORANDUM OPINION

BAE Systems Ordnance Systems, Inc., moves to dismiss Bonitz, Inc.'s, claim against it. (Dkt. No. 84 (moving to dismiss Dkt. No. 75, ¶¶ 27–33)). In this diversity construction case, BAE neither asked anything of Bonitz nor should have expected to pay Bonitz, so Bonitz fails to state a claim for *quantum meruit* or unjust enrichment under Virginia law. Accordingly, BAE's motion will be granted, and Bonitz's claim against it dismissed.

## I. BACKGROUND

BAE's motion turns on simple facts. BAE hired Sauer to build it a production office lab. Sauer hired MC3 Solutions, LLC, for some of the work. And MC3 hired Bonitz to procure and install resinous epoxy flooring. The quality and timeliness of this flooring work came into doubt, and Bonitz was never paid for some portion of it. Bonitz was only in privity of contract with MC3, and BAE never engaged with the lower reaches of the chain of privity. (*See generally* Sauer's 2d Am. Compl., Dkt. No. 51; MC3's Answer & Countercl., Dkt. No. 54; QBE's Answer, Dkt. No. 55; MC3's 2d 3d-party Compl., Dkt. No. 56; Sauer's Answer & Affirmative Defenses, Dkt. No. 61; Bonitz's 3d-party Countercl., Dkt. No. 75; Bonitz's Answer, Dkt. No. 76; MC3's Answer, Dkt. No. 79.)

Bonitz joined BAE in this action on a theory of *quantum meruit* or unjust enrichment. BAE argues that these facts cannot support Bonitz's theory. (*See* Mem. Supp., Dkt. No. 85; Mem. Opp'n, Dkt. No. 87; Reply, Dkt. No. 88.)

## II.  LEGAL STANDARDS

### A.  Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests a pleading's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007).  To survive, the pleading must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The court must construe all facts and reasonable inferences "in the light most favorable to the nonmoving party," *Kashdan v. George Mason Univ.*, 70 F.4th 694, 700 (4th Cir. 2023), but need not accept "unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *E. Shore Markets, Inc. v. J.D. Assocs.*, 213 F.3d 175, 180 (4th Cir. 2000)).

### B.  *Quantum Meruit*

In Virginia, "[a] plaintiff can seek recovery in *quantum meruit* when the work was done at the instance and request of another." *T. Musgrove Constr. Co. v. Young*, 840 S.E.2d 337, 341 (Va. 2020) (citing *Mongold v. Woods*, 677 S.E.2d 288, 292 (Va. 2009)).  That is, when two parties have a contract, but "[i]t is not an express contract because a term has not been discussed," the facts may imply a reasonable term; often, the price.  *Id.* at 341 n.3 (quoting Candace Saari Kovacic-Fleischer, *Quantum Meruit and the Restatement (Third) of Restitution and Unjust Enrichment*, 27 Rev. Litig. 127, 132–33 (2007)); *cf. Spectra-4, LLP v. Uniwest Com. Realty, Inc.*, 772 S.E.2d 290, 295 (Va. 2015) ("[A]n implied-in-fact contract is created only when

2

the typical requirements to form a contract are present, such as consideration and mutuality of assent."). Examples include when "the parties did not agree on a price" or "the compensation mentioned is too indefinite." *Musgrove Constr.*, 840 S.E.2d at 341 (citing *Marine Dev. Corp. v. Rodak*, 300 S.E.2d 763, 765–66 (Va. 1983)). A plaintiff who alleges "that he performed work at the request of [the defendant] and did not receive sufficient compensation for his services" may claim *quantum meruit*. *Fessler v. IBM Corp.*, 959 F.3d 146, 159 (4th Cir. 2020). "When the defendant has not requested the plaintiff's services, a plaintiff's claim is for unjust enrichment." *Musgrove Constr.*, 840 S.E.2d at 341.

C. **Unjust Enrichment**

By contrast, unjust enrichment is not about contract, but a restitution doctrine "requiring one who accepts and receives goods, services, or money from another to make reasonable compensation for those services." *James G. Davis Constr. Corp. v. FTJ, Inc.*, 841 S.E.2d 642, 647 (Va. 2020) (citing *Po River Water & Sewer Co. v. Indian Acres Club of Thornburg, Inc.*, 495 S.E.2d 478, 482 (Va. 1998)); *see Musgrove Constr.*, 840 S.E.2d at 341 n.3; *Marine Dev.*, 300 S.E.2d at 766–67; *LCF Gro Nat'l Funding, Inc. v. Mod. Renovations, LLC*, 712 F. Supp. 3d 733, 739–40 (W.D. Va. 2024). Virginia has "adopted a three-part test to govern unjust enrichment claims: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant knew of the benefit and should reasonably have expected to repay the plaintiff; and (3) the defendant accepted or retained the benefit without paying for its value." *Davis Constr.*, 841 S.E.2d at 650 (citing *Schmidt v. Household Fin. Corp., II*, 661 S.E.2d 834, 838 (2008)). *But cf. LCF Grp., Inc. v. Piedmont Power Sports, Inc.*, 688 F. Supp. 3d 323, 331 (W.D. Va. 2023) (declining to apply elements mechanically).

In the ordinary construction case, an owner or general contractor should not reasonably expect to repay a subcontractor or supplier with whom it is not in privity; leapfrogging is exceptional. *See Davis Constr.*, 841 S.E.2d at 651; *Staltzer (In re Est. of Morse) v. Am. Merch., Inc.*, No. 1:19CV00023, 2020 WL 7023892, at *4 (W.D. Va. Nov. 30, 2020); *cf. R.M. Harrison Mech. Corp. v. Decker Indus.*, 75 Va. Cir. 404, 406–12 (2008). But when the owner or general contractor "willingly climb[s] down the chain of privity to deal directly" with the subcontractor or supplier, it might reasonably expect to repay the subcontractor or supplier. *Davis Constr.*, 841 S.E.2d at 651–52 (recognizing claim when general contractor "interacted directly with the supplier and led the supplier to believe that payment for those supplies would be forthcoming"); *cf. Fessler*, 959 F.3d at 157–58 (holding defendant's misrepresentations and past dealings with plaintiff could show reasonable expectation); *E.E. Lyons Constr. Co. v. TRM Dev. Corp.*, 25 Va. Cir. 352, 354–55 (1991) (holding owner's agreement to issue joint checks to subcontractor and general contractor could show reasonable belief). Such cases are a "narrow exception" to Virginia's general policy. *Staltzer*, 2020 WL 7023892, at *4; *see Davis Constr.*, 841 S.E.2d at 652–55 (Kelsey, J., dissenting) ("The construction industry relies heavily upon financial and legal predictability, a public policy highly favored by the law of contracts.").

### III.  ANALYSIS

Bonitz labels its claim, "Quantum Meruit," but the claim sounds in unjust enrichment. (¶¶ 27–33, Dkt. No. 75.) The court analyzes it under both frameworks. *See LCF Grp.*, 688 F. Supp. 3d at 330.

Bonitz does not allege that BAE was ever aware of Bonitz's role in the flooring work. It gives no hint of any contract with BAE, implied in fact or otherwise, and even seems to disclaim the possibility. (¶ 10, Dkt. No. 75 ("BAE and Bonitz are not in privity of contract.").) It merely

4

alleges, "The work performed on the Site by Bonitz was requested by BAE and subcontracted out to Bonitz." (*Id.* ¶ 29.) But, at least on the straightforward construction facts here (where there is no possibility of, for example, a unilateral contract), *quantum meruit* requires some threshold showing that a defendant actually asked something of the plaintiff at bar; it is not enough that it requested something ultimately conferred by the plaintiff. *See LCF Grp.*, 688 F. Supp. 3d at 330; *Staltzer*, 2020 WL 7023892, at *4; *cf. Spectra-4*, 772 S.E.2d at 295. Bonitz does not allege that BAE asked it to perform the flooring work, so it must mean to state a claim, if at all, for unjust enrichment. *See Musgrove Constr.*, 840 S.E.2d at 341.

But Bonitz also fails by this theory, as it does not plausibly allege that BAE "should reasonably have expected to repay" Bonitz for its work. *Davis Constr.*, 841 S.E.2d at 650. This is a typical construction case: A dispute at one end of the chain of privity threatens to ripple across the whole chain. In these cases, Virginia law insists that the claimants proceed only in privity against each other, unless one can show an exceptional reason to leap further. *See Davis Constr.*, 841 S.E.2d at 651–52; *cf. Harrison Mech.*, 75 Va. Cir. at 406–12. An owner should not reasonably expect to repay a non-privy subcontractor unless the owner itself, for example, interceded directly with the subcontractor to complete its work, *see Davis Constr.*, 841 S.E.2d at 651–52, paid the subcontractor directly, *see id.*; *cf. Lyons Constr.*, 25 Va. Cir. at 354–55, or carried on a prior course of conduct with the subcontractor, *cf. Fessler*, 959 F.3d at 157–58. Bonitz alleges no facts to invoke this "narrow exception" to Virginia policy, so it does not state a claim for unjust enrichment. *Staltzer*, 2020 WL 7023892, at *4.

Bonitz relies on *Sherwin Williams Co. v. Buckingham Associates*, 20 Va. Cir. 83 (1990), in which an owner's "request[]," through a chain of contracts, "that Sherwin Williams furnish certain . . . products . . . , with the understanding that Sherwin Williams expected payment," was

held sufficient to imply a "promise to pay." 20 Va. Cir. 83–85. But that case is of limited value. It was decided before the Supreme Court of Virginia "disentangle[d]" this area of law. *Musgrove Constr.*, 840 S.E.2d at 340. Its pleading standard did not conform with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009). And it may be distinguished by its own terms. There, the trial court accepted that the owner's request was ultimately of the plaintiff; here, Bonitz does not allege that BAE's request was of it. *Sherwin Williams* cannot save Bonitz's claim.

The parties dedicated some briefing to whether BAE contracted with and paid Sauer for Bonitz's work. If it did, absent some other extraordinary showing, no claim of Bonitz's against it for unjust enrichment could prevail. *See Davis Constr.*, 841 S.E.2d at 649–50; 841 S.E.2d at 657–59 (Kelsey, J., dissenting); *Staltzer*, 2020 WL 7023892, at *4; *cf. Kern v. Freed Co.*, 299 S.E.2d 363, 364–65 (Va. 1983); *Datastaff Tech. Grp., Inc. v. Centex Constr. Co.*, 528 F. Supp. 2d 587, 598–99 (E.D. Va. 2007); *Harrison Mech.*, 75 Va. Cir. at 411–12; *Shen Valley Masonry, Inc. v. S.P. Cahill & Assocs.*, 52 Va. Cir. 484, 485–86 (2000); *Lyons Constr.*, 25 Va. Cir. at 354–55. But Bonitz fails to state such a claim, so the court does not reach the question here.

## IV.  CONCLUSION

Bonitz fails to state a claim against BAE for *quantum meruit* or unjust enrichment, so BAE's motion to dismiss will be granted, (Dkt. No. 84), and Bonitz's claim against BAE dismissed without prejudice, (Dkt. No. 75, ¶¶ 27–33). *See* Fed. R. Civ. P. 12(b)(6). A consistent order will be issued.

Entered: January 23, 2026.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

6